IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>HYON SUK O,<br><br>  Defendant. | Case No.: 11-04174 JCS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Dkt. No. 32** |

**I.    INTRODUCTION**

The United States (hereafter "Plaintiff") brought this action against Defendant Hyon Suk O ("Defendant") seeking to collect on unpaid student loan debt.[1] Presently before the Court is Plaintiff's Motion for Summary Judgment (hereafter "Motion"). Plaintiff does not oppose the Motion. *See* Dkt. No. 43. The Court finds the Motion suitable for determination without oral argument, and vacates the hearing scheduled for October 4, 2013 at 9:30 a.m. For the reasons stated below, Plaintiff's Motion for Summary Judgment is GRANTED.[2]

**II.   BACKGROUND**

**A.    Factual Background**

On or about May 19, 2000, Defendant executed a promissory note to secure a loan in the amount of $6,413.00 from Bank One, Killeen, Texas for her daughter to attend school. Joint

---

[1] In the Complaint Defendant is named as Hyon C. O aka Hyon O. The Certificate of Indebtedness refers to Hyon C. O aka Hyon O. At her deposition, Defendant clarified (1) that her full name is Hyon Suk O, which is O Hyon Suk if ordered the Korean way; (2) that she listed her name as Hyon O on the promissory note, and (3) that on another document she listed her name as Hyon S. O but that, as written, the S appeared to be a C. *See* Declaration of Michael Cosentino in Support of Plaintiff's Motion for Summary Judgment, Ex. 1.

[2] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

Statement of Material Facts Not in Dispute ("JSUF") ¶ 1. This loan was disbursed for $6,413.00 on July 12, 2000 to September 6, 2000, at 3.28 percent interest per annum. *Id*. The loan obligation was guaranteed by California Student Aid Commission, and then reinsured by the Department of Education under loan guaranty programs authorized under Title VI-B of the Higher Education Act of 1965, as amended 20 U.S.C. § 1071 *et seq*. *Id*. ¶ 2.

Defendant paid $213.81 on the promissory note, which the holder credited to the outstanding principal owed. JSUF ¶ 3. On March 16, 2002, Defendant defaulted and the holder filed a claim on the loan guarantee. *Id*. Due to this default, the guarantee agency paid a claim in the amount of $6,705.40 to the holder, which equals the original principal amount of $6,413.00, plus interest that had accrued to the time of default, less the payment of $213.81. *Id*. ¶ 4. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount due to the guarantor becomes the new principal. *See id.* ("The guaranty agency shall capitalize any unpaid interest due the lender from the borrower at the time the agency pays a default claim to the lender."). The guarantor attempted to collect this debt from Defendant. JSUF ¶ 4. The guarantor was unable to collect the full amount due, and on October 9, 2009, assigned its right and title to the loan to the Department of Education. *Id*.

Since assignment of the loan to the Department of Education, the Department credited $0.00, thus the balance of the principal amount owed is still $6.705.40. JSUF ¶ 5. The parties stipulated, and the Certificate of Indebtedness reflects, that Defendant owes $2,913.66 in interest as of August 11, 2010, as well as $0.60 in interest per day until the date of judgment. *Id*.; Declaration of Rubio Canlas in Support of Motion for Summary Judgment, Ex. 1 (Certificate of Indebtedness).

**B.     Plaintiff's Complaint and Motion for Summary Judgment**

Plaintiff filed this action under 28 U.S.C. § 1345. In the Complaint, Plaintiff seeks recovery the principal amount of $6,705.40, interest according to the Certificate of Indebtedness to the date of judgment, attorneys' fees in the amount of 33.33% of the debt, and court costs. Compl. at 1.

In the Motion for Summary Judgment, Plaintiff argues that it has established a prima facie case of liability and that Defendant cannot prove her affirmative defenses. Plaintiff seeks the

2

1  principal amount of $6,705.40, interest in the amount of $2,913.66 for the period up to August 11,
2  2010, and $0.60 in interest per day after August 11, 2010 until the date of judgment. Calculated at a
3  rate of $0.60 per day, interest from the period between August 12, 2010 and September 25, 2013 is
4  $684.60. Thus, the total amount of debt owed by Plaintiff on the promissory note, as of September
5  25, 2013, is $10,303.66. In the Motion, Plaintiff does not request attorneys' fees or court costs.[3]

6  Defendant filed a "Notice of No Opposition to Plaintiff's Motion for Summary Judgment and
7  Submission on the Papers," in which Defendant, through her attorneys, notified the Court that she
8  does not oppose Plaintiff's Motion for Summary Judgment. *See* Dkt. No. 43.

## III. DISCUSSION

### A. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the non-moving party's claim, or to a defense on which the non-moving party will bear the burden of persuasion at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to designate "specific facts showing there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. On summary judgment, the court draws all reasonable factual inferences in favor of the non-movant. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255 (1986).

### B. Analysis

In an action to enforce a promissory note, the plaintiff must present evidence of: (1) the existence of the note; (2) the defendant's default; and (3) the amount due. *United States v. Gray*, No. 11-2988, 2012 WL 1657112, at *4 (N.D. Cal. May 10, 2012); *see also United States v. Freeman*, No. 01-1859, 2002 WL 467688, at *1 (N.D. Cal. Mar. 25, 2002) (citing *United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir. 1975)). In *Freeman*, the court held that "plaintiff has made out a prima facie case through submission of the signed promissory notes and certificates of indebtedness from the

---

[3] Plaintiff has therefore waived his prayer in the Complaint for attorneys' fees and court costs.

3

Department of Education." *Freeman*, 2002 WL 467688, at *1. If the plaintiff establishes a prima facie case, "[t]he burden then shifts to the defendant to prove that the amount due is not owing." *United States v. Chu*, 2001 WL 1382156, at *1 (N.D. Cal. Oct. 31, 2001) (citation omitted); *see also Freeman*, 2002 WL 467688, at *1 (citing *Irby*, 517 F.2d at 1043).

In this case, Plaintiff has made out a prima facie case through submission of the signed promissory note and the Certificate of Indebtedness from the Department of Education. Moreover, the parties stipulated to the existence of the note, Defendant's default, and the amount due and owing. *See* Dkt. No. 35. Thus, Plaintiff has established a prima facie case showing entitlement to the debt on the promissory note, as well as interest. Defendant does not oppose Plaintiff's Motion for Summary Judgment. *See* Dkt. No. 43.

**IV.    CONCLUSION**

Accordingly, the Motion is GRANTED. Final judgment shall be entered in favor of the United States in the amount of $10,303.66 in principal and interest.

IT IS SO ORDERED.

Dated: September 25, 2013

_____

JOSEPH C. SPERO
United States Magistrate Judge